1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10 JOHNY GOODWIN,

11         Plaintiff,             No. CIV S-08-1687 DAD P

12     vs.

13 R.C.C.C. MEDICAL HOSP. UNIT,

14         Defendant.        <u>ORDER</u>

15                                      /

16         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.[1]

18 This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19 72-302 and 28 U.S.C. § 636(b)(1).

20         Plaintiff has submitted an in forma pauperis application that makes the showing

21 required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22 pauperis.

23 /////

24

25        [1]  Initially, plaintiff filed this action in the United States District Court for the Northern
District of California.  However, on July 16, 2008, the case was transferred to this court where
26 venue is proper.

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

2  28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $2.61 will be assessed by this

3  order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

4  agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

5  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

6  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

7  These payments will be collected and forwarded by the appropriate agency to the Clerk of the

8  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

9  full.  See 28 U.S.C. § 1915(b)(2).

10    The court is required to screen complaints brought by prisoners seeking relief

11  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.

12  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

13  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

15  U.S.C. § 1915A(b)(1) & (2).

16    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

18  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

19  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

22  Cir. 1989); Franklin, 745 F.2d at 1227.

23    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

24  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

25  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

26  Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

2

1  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

2  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

3  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

4  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

5  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

6  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

7  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

8  (1969).

9          The Civil Rights Act under which this action was filed provides as follows:

10         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
11         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
12         law, suit in equity, or other proper proceeding for redress.

13  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

14  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

16  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

17  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

18  omits to perform an act which he is legally required to do that causes the deprivation of which

19  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20          Moreover, supervisory personnel are generally not liable under § 1983 for the

21  actions of their employees under a theory of respondeat superior and, therefore, when a named

22  defendant holds a supervisorial position, the causal link between him and the claimed

23  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

24  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

25  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

26  /////

3

1  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
2  Cir. 1982).

3  In the present case, plaintiff has identified "R.C.C.C. Medical Hospital Unit" as
4  the sole defendant in this action.  By way of background, plaintiff alleges that he is a parole
5  violator who is mobility impaired and must use a walker and a wheel chair.  Plaintiff alleges that,
6  on January 27, 2008, he was placed in the R.C.C.C. Medical Hospital Unit with no walker or
7  wheel chair.  He further alleges that he asked a hospital worker to clean his cell unit, but the
8  worker refused to do so and gave plaintiff a mop and broom to do it himself.  Plaintiff alleges
9  that he slipped and fell while mopping the cell and "busted" the back of his head, injuring his
10  neck and back.  In the "Relief" section of the form complaint, asking plaintiff to state briefly
11  what he wants the court to do for him, plaintiff requests compensation for the hospital's
12  negligence.

13  The allegations in plaintiff's complaint are so vague and conclusory that the court
14  is unable to determine whether the current action is frivolous or fails to state a claim for relief.
15  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
16  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
17  the defendants and must allege facts that support the elements of the claim plainly and succinctly.
18  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
19  with at least some degree of particularity overt acts which defendants engaged in that support his
20  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
21  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
22  amended complaint.

23  If plaintiff elects to proceed with this action by filing an amended complaint, he
24  must clearly identify the defendants he wishes to proceed against.  In his original complaint,
25  plaintiff appears to claim that R.C.C.C. officials were negligent for not having a walker and
26  wheel chair available to him.  Plaintiff also appears to claim that those officers were negligent

4

1   because they failed to clean his cell before he arrived at the facility.  In an amended complaint,

2   plaintiff should identify by name the individual officers who allegedly failed to provide him with

3   adequate conditions of confinement.

4         In addition, if plaintiff elects to file an amended complaint, he should clarify

5   which of his constitutional rights he believes each defendant has violated and support each such

6   claim with factual allegations about the actions of each of the defendant that resulted in the

7   denial of constitutional rights.  In his original complaint, plaintiff appears to be raising a

8   negligence claim.  However, allegations of mere negligence are not cognizable under § 1983.  In

9   order to proceed with this action, and to state a cognizable claim under § 1983, plaintiff must

10  allege facts demonstrating how the conditions of confinement at R.C.C.C. resulted in a

11  deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227

12  (9th Cir. 1980).

13        To the extent that plaintiff wishes to bring a claim under the Americans with

14  Disabilities Act, he is advised that, under Title II of the ADA plaintiff must allege four elements:

15  (1) he is an individual with a disability; (2) he was otherwise qualified to participate in or receive

16  the benefit of some public entity's services, programs, or activities; (3) he was either excluded

17  from participation in or denied the benefits of the public entity's services ... or was otherwise

18  discriminated against by the public entity; and (4) such exclusion, denial ... or discrimination was

19  by reason of his disability."  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

20        To the extent that plaintiff wishes to pursue a claim under the Eighth Amendment,

21  he is advised that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual

22  punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319

23  (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97,

24  105-06 (1976).  However, neither accident nor negligence constitutes cruel and unusual

25  punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith,

26  that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

1   Whitley, 475 U.S. at 319.  What is needed to show unnecessary and wanton infliction of pain

2   "varies according to the nature of the alleged constitutional violation."  Hudson v. McMillian,

3   503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  Plaintiff must allege facts showing that

4   objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had

5   a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v.

6   Seiter, 501 U.S. 294, 298-99 (1991).

7          Finally, if plaintiff elects to proceed with this action by filing an amended

8   complaint, he should clarify what relief he seeks.  For example, if plaintiff believes he is entitled

9   to compensatory or punitive damages, he should state the amount he seeks from the defendants.

10   Plaintiff is advised that, because he is no longer incarcerated at R.C.C.C., any claim for

11   injunctive or declaratory relief concerning that facility may be moot because he is no longer

12   subjected to the conditions there.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v.

13   Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

14          Plaintiff is informed that the court cannot refer to a prior pleading in order to

15   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

16   complaint be complete in itself without reference to any prior pleading.  This is because, as a

17   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

18   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

19   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

20   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

21          Also before the court is plaintiff's motion to appoint counsel.  The United States

22   Supreme Court has ruled that district courts lack authority to require counsel to represent

23   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

24   (1989).  In certain exceptional circumstances, the district court may request the voluntary

25   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

26   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

6

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's March 21, 2008 application to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $2.61.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

/////
/////
/////
/////
/////

1    5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

2    civil rights action.

3    6.  Plaintiff's March 26, 2008 motion to appoint counsel is denied.

4    DATED: August 12, 2008.

5

6    _____
     *Dale A. Drozd*

7    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

8    DAD:9
     good1687.14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8